IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave., Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>                    Plaintiff,<br><br>        v.<br><br>ORANGE PLAZA LLC, a Nevada limited liability company,<br><br>                    Defendant. | **Case No.** 26-cv-942<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES FOR PERSONS WITH PHYSICAL DISABILITIES** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1

JAMES ALGER ("Plaintiff") complains against ORANGE PLAZA LLC ("Defendant") as follows:

## INTRODUCTION

1. More than three decades after the passage of the Americans with Disabilities Act ("ADA"), the obligation to provide individuals with disabilities full and equal access to places open to the public is well established. Congress enacted the ADA to eliminate discrimination and to ensure that people with disabilities are fully integrated into all aspects of economic and social life. U.S.C. § 12101(a).

2. Defendant, the owner, operator, lessor, and/or controlling entity of the store located at 155 S. Glassell St., Orange, California, has failed to comply with these clear and longstanding requirements. The premises contain architectural barriers that impede access for individuals who use wheelchairs or other mobility devices, thereby denying them equal access to the store's goods and services. These conditions are not minor or technical in nature. They function to exclude individuals with disabilities from a business that is otherwise open to the public.

3. This conduct is particularly egregious in light of Defendant's prior history. In 2018, Defendant was sued on two separate occasions for violations of the ADA at another antique store it owns located directly across the street. Those actions placed Defendant on clear notice of its obligations under the ADA. Despite that notice, Defendant has continued to maintain barriers that deny equal access, reflecting a pattern of noncompliance that necessitates injunctive relief to remedy these ongoing violations.

## JURISDICTION

4. This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq.*

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

## VENUE

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's claims arose in this District.

## PARTIES

6.      Plaintiff is an individual with a physical disability within the meaning of the Americans with Disabilities Act. He has progressive peripheral neuropathy, a condition that affects the peripheral nerves and results in significant and worsening weakness and numbness in his hands, arms, legs, and feet. These symptoms substantially limit his ability to walk and to perform tasks requiring fine motor coordination. As a result of these limitations, Plaintiff relies on a wheelchair or scooter for mobility. He resides in Porter Ranch, California.

7.      Defendant is, and at all relevant times to this Complaint was, the owner, operator, lessor, and/or lessee of the Antique Depot store located at 155 S Glassell St., Orange, CA 92866 ("Antique Depot").

8.      Antique Depot is open to the public and a place of public accommodation.

## FACTUAL ALLEGATIONS

9.      Plaintiff enjoys visiting antique stores and regularly spends time browsing for unique items. In January 2026, while in the area visiting other nearby shops, he noticed Antique Depot and decided to go inside to look around.

10.     Almost immediately, it became clear that navigating the store would be difficult. The aisles were so narrow that Plainitff's mobility scooter could not fit through many of them at all. In other areas, he was forced to inch forward carefully, trying to avoid bumping into displays or getting stuck. There was no adequate space to turn around at the ends of aisles, which meant that once he entered certain sections, he had no choice but to slowly reverse out in tight,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
3

confined spaces. This process was awkward, time-consuming, and physically frustrating. As a result, large portions of the store were simply inaccessible to Plaintiff, even though they were open and available to other customers.

11.     Plaintiff also observed that part of the store was located downstairs and could only be reached by a staircase. He was unable to access that area at all.

12.     The checkout counter created yet another barrier. It was positioned at a height that Plaintiff could not comfortably reach or use from his scooter.

13.     As a result of these conditions, Plaintiff left the store feeling frustrated, excluded, and discouraged. What should have been a routine and enjoyable shopping experience instead became a reminder that he could not access the premises in the same way as other customers. The barriers he encountered made it difficult for him to move about freely, limited what he could see and reach, and prevented him from fully participating in the store's offerings. This unequal experience has deterred him from returning, as he reasonably believes that the same obstacles continue to exist.

14.     Plaintiff would, however, like to return once the barriers are removed. He enjoys visiting antique stores and taking the time to browse and discover unique items. If the store was made accessible so that he could navigate the space without difficulty and complete transactions independently, he would return to browse and shop like any other customer.

15.     Prior to filing this action, and as part of counsel's Rule 11 obligations, Plaintiff's counsel retained a third party to conduct a sub-rosa inspection of the subject premises, including taking measurements and documenting accessibility barriers encountered by Plaintiff. That inspection confirmed the existence of the barriers described herein. In furtherance of this due diligence, Plaintiff's counsel also consulted with an accessibility specialist (CASp) regarding applicable accessibility requirements and readily achievable solutions to make the subject

premises more accessible (as alleged further in paragraphs 24 through 25 of this Complaint).

16.     The barriers to access are alleged without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's accessibility expert, pursuant to *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008).

**CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

17.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 16 of this Complaint.

18.     In 1990, the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. § 12101.

19.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

20.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

21.     As part of the ADA, Congress enacted "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title. 42 U.S.C. § 12181(7).

22.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to, the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

6

good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

23. The removal of each of the physical barriers complained of by Plaintiff in this Complaint was at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. Further, on information and belief, alterations, structural repairs or additions since January 26, 1992, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendant still

violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

24. The barriers Plaintiff encountered are readily achievable to remove because they can be corrected through simple, low-cost measures. As Plaintiff experienced, the store's aisles were too narrow for his mobility scooter to pass, and he was forced to carefully maneuver or reverse out of tight spaces. This condition can be remedied by rearranging shelving, displays, and stored items to provide at least 36 inches of clear width and adequate turning space at aisle ends. The lack of turning space, which required Plaintiff to awkwardly reverse direction, can likewise be corrected by modestly adjusting the layout to create a compliant turning area. In addition, the checkout counter was too high for Plaintiff to use, but this barrier can be easily fixed by providing an accessible counter section no higher than 36 inches. These changes are straightforward, inexpensive, and can be implemented without structural work, while significantly improving access by allowing individuals with mobility disabilities to navigate the store, access merchandise, and complete transactions independently. The minimal costs associated with these measures are far outweighed by the substantial benefit of providing equal access to customers with disabilities.

25. With respect to the downstairs area, even if providing vertical access is not readily achievable due to the potential structural complexity and cost of installing an elevator or lift, Defendant is still required to provide an alternative readily achievable method of access to the goods and services offered on the lower level. This can be accomplished through readily implementable measures such as providing clear signage directing customers to request assistance, training staff to retrieve and present merchandise from the downstairs area upon request, and making reasonable efforts to display or make available equivalent goods on the

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

8

accessible level.

26.    On information and belief, as of the date of Plaintiff's encounter at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

27.    Defendant's actions continue to deny Plaintiff the right to full and equal access by deterring him from patronizing Antique Depot, and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.

28.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounter. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

29.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use or attempt to use the property and premises, or attempt to patronize Antique Depot, in light of Defendant's policies and physical premises barriers.

WHEREFORE, Plaintiff requests reliefs as outlined below.

## PRAYER FOR RELIEF

1.     Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violation of federal law. The need for relief is critical because the rights at issue are paramount under the laws of the United States.

2.     Plaintiff requests a declaratory judgment that Defendant's acts, omissions, and failures to remove architectural barriers and provide accessible features at the subject premises constitute violations of Title III of the Americans with Disabilities Act.

3.     Plaintiff requests that the Court issue an order enjoining Defendant, its agents, officials, employees, and all persons and entities acting in concert with it:

    a.  From continuing the unlawful acts, conditions, and practices described in this Complaint;

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
10

b. To provide reasonable accommodation for persons with disabilities at Antique Depot;

c. To ensure that persons with disabilities are not denied equal benefits at Antique Depot;

d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

e. To maintain such accessible facilities once they are provided;

f. To train Defendant's employees and agents in how to accommodate the rights and needs of physically disabled persons at Antique Depot; and

g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Antique Depot.

4. Plaintiff requests that the Court retain jurisdiction over Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

6. Plaintiff requests any other relief that this Court may deem just and proper.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

11

Date: April 18, 2026                    ALLACCESS LAW GROUP


                                        _/s/ Irakli Karbelashvili_
                                        By IRAKLI KARBELASHVILI, Esq.
                                        Attorney for Plaintiff
                                        JAMES ALGER